UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CENTURY SURETY CO. et al., ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> CASINO WEST, INC. et al., ) <br> ) <br> Defendants. ) <br> ) | 3:07-cv-00636-RCJ-WGC <br><br> **ORDER** |

This case arises out of the deaths of four motel guests and a resulting insurance dispute. Pending before the Court are six Motions in Limine (ECF Nos. 62, 63, 66, 67, 127, 128). For the reasons given herein, the Court GRANTS two of the motions (ECF Nos. 67 and 127), DENIES three of the motions (ECF Nos. 62, 63, 66), and GRANTS in part and DENIES in part one of the motions (ECF No. 128).

I.      **FACTS AND PROCEDURAL HISTORY**

Plaintiff Century Surety Co. ("Century") issued an insurance policy (the "Policy") to Defendant Casino West, Inc. valid from June 1, 2005 to June 1, 2006 to indemnify and defend Casino West from claims against persons injured on its property. (Compl. ¶ 8, ECF No. 1). The Policy excluded coverage for injury caused by toxins, allergens, etc. in indoor air (the "Indoor

Air Quality Exclusion"). (*Id.* ¶ 9).  The Policy also excluded coverage for injury caused by pollutants (the "Total Pollution Exclusion"). (*Id.* ¶ 10).

On April 16, 2006, four patrons were found dead in their motel room at Casino West's motel in Yerington, Nevada. (*Id.* ¶ 12).  The cause of death was found to have been carbon monoxide poisoning due to the leak of carbo monoxide from the pool heater in the room directly below the decedents' room. (*See id.* 12–15).  Century provided counsel to defend against any potential claims until the Lyon County Sheriff's Department and the Washoe County Medical Examiner confirmed the cause of death. (*Id.* ¶¶ 15–16).  Two relatives of one of the decedents and the co-administrators of the decedent's estate  (the "Wrongful Death Plaintiffs") sued Casino West in state court for  wrongful death and negligence (the "Wrongful Death Action"), and Casino West informed Century that it believed the Policy required Century to defend Casino West in the Wrongful Death Action.

Century sued Casino West and the Wrongful Death Plaintiffs in this Court for a declaration that the Indoor Air Quality Exclusion and Total Pollution Exclusion apply such that Century is not required to indemnify or defend Casino West under the Policy.  Judge Hicks was originally assigned to the case.  Casino West answered and filed a Counterclaim for breach of contract, insurance bad faith, and unfair trade practices under Nevada Revised Statutes section ("NRS") 686A.310(1).  Judge Hicks granted a motion to consolidate the present case with Case No. 3:08-cv-306, which had been assigned to Judge Sandoval.  In that removed case, Casino West had sued Century, as well as the guardian ad litem of one of the decedents' children and the administrator of the decedent's estate, in state court for the same claims in its Counterclaim in

the present case, as well as for a declaration as to coverage under the Policy. Judge Hicks recused, and the case was reassigned to Judge Sandoval.

Century moved for offensive summary judgment on the Complaint and defensive summary judgment against the Counterclaim. While the motion was pending, Judge Sandoval resigned, and the case was reassigned to the undersigned. The Court denied the motion, finding the Total Pollution Exclusion and the Indoor Air Quality Exclusion to be ambiguous. The Court also denied summary judgment on the issue of punitive damages.

The Court denied Century's motion for certification of an interlocutory appeal under 28 U.S.C. § 1292(b) but later granted a stipulation to certify such an appeal as part of a settlement agreement. The Court of Appeals certified to the Nevada Supreme Court the questions of whether the Total Pollution Exclusion and/or the Indoor Air Quality Exclusion excluded coverage. The Nevada Supreme Court ruled that the exclusions were both ambiguous, and the Court of Appeals affirmed, accordingly. The Court set the case for trial.

The Court permitted Admiral Insurance Co. ("Admiral") to intervene to seek a declaration concerning whether the $1 million or $2 million limit applied under the Policy, because the answer to that question affected Admiral's exposure under an excess policy of insurance it had issued to Casino West (the "Excess Policy"). The Court also denied a successive motion by Century for defensive summary judgment. Casino West and Century each answered the Complaint in Intervention ("CI"). Century and Admiral filed cross motions for summary judgment as to the CI. The Court granted Century's motion and denied Admiral's, ruling that the $1 million single-occurrence limit applied under the Policy.

While the interlocutory appeal was pending, Century and Casino West each filed two motions in limine. Century recently filed two additional motions in limine.

**II.     LEGAL STANDARDS**

A motion in limine is a procedural device to obtain an early and preliminary ruling on the admissibility of evidence. Black's Law Dictionary defines it as "[a] pretrial request that certain inadmissible evidence not be referred to or offered at trial. Typically, a party makes this motion when it believes that mere mention of the evidence during trial would be highly prejudicial and could not be remedied by an instruction to disregard." Black's Law Dictionary 1171 (10th ed. 2014). Although the Federal Rules of Evidence do not explicitly authorize a motion in limine, the Supreme Court has held that trial judges are authorized to rule on motions in limine pursuant to their authority to manage trials. *See Luce v. United States*, 469 U.S. 38, 41 n.4 (1984) (citing Fed. R. Evid. 103(c) (providing that trial should be conducted so as to "prevent inadmissible evidence from being suggested to the jury by any means")).

Judges have broad discretion when ruling on motions in limine. *See Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002). However, a motion in limine should not be used to resolve factual disputes or weigh evidence. *See C&E Servs., Inc., v. Ashland, Inc.*, 539 F. Supp. 2d 316, 323 (D.D.C. 2008). To exclude evidence on a motion in limine "the evidence must be inadmissible on all potential grounds." *E.g.*, *Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004). "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." *Hawthorne Partners v. AT&T Tech., Inc.*, 831 F. Supp.

1398, 1400 (N.D. Ill. 1993).  This is because although rulings on motions in limine may save "time, costs, effort and preparation, a court is almost always better situated during the actual trial to assess the value and utility of evidence." *Wilkins v. Kmart Corp.*, 487 F. Supp. 2d 1216, 1219 (D. Kan. 2007).

In limine rulings are preliminary and therefore "are not binding on the trial judge [who] may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000); *accord Luce*, 469 U.S. at 41 (noting that in limine rulings are always subject to change, especially if the evidence unfolds in an unanticipated manner).  "Denial of a motion in limine does not necessarily mean that all evidence contemplated by the motion will be admitted to trial.  Denial merely means that without the context of trial, the court is unable to determine whether the evidence in question should be excluded." *Ind. Ins. Co.*, 326 F. Supp. 2d at 846.

### III.     ANALYSIS

#### A.     Motion No. 62

Century asks the Court to preclude witnesses Thomas J. Corridan and Vernon E. Leverty from testifying on issues of law, i.e., as to their interpretation of any contracts at issue.  The Court denies this motion.  As Casino West has rightly noted, expert witnesses may not testify as to issues of law; however, witnesses Corridan and Leverty may need to testify regarding an issue of fact—whether Century reasonably interpreted the Total Pollution Exclusion and the Indoor Air Quality Exclusion as not covering a carbon monoxide leak.  Any expertise these witnesses have with insurance claims, and particularly with bad faith claims, might help inform the jury's

determination on this issue. The Court will inform the jury that it must consider only the factual questions involved, not any legal issues the witnesses raise.

    **B.**    **Motion No. 63**

Century asks the Court to preclude Casino West from eliciting any cumulative testimony that might result from witnesses Thomas J. Corridan and Vernon E. Leverty testifying as to the same thing. The Court denies this motion. Century is invited to renew this motion as the trial unfolds if it believes testimony becomes cumulative. The Court will then assess whether it is cumulative in context of the trial.

    **C.**    **Motion No. 66**

Casino West asks the Court to preclude evidence or argumentation by Century to the effect that insurance coverage remains in dispute. Casino West has withdrawn this motion.

    **D.**    **Motion No. 67**

Casino West asks the Court to exclude any testimony by James Flood and an April 24, 2006 email from Flood to Lorna New because Century neither timely disclosed Flood as a witness nor timely disclosed the email in discovery. The Court grants this motion. Century made a representation that Flood was not directly involved with handling this claim, but Flood's email contradicts that representation by giving direct instruction regarding the handling of this claim. Because of Century's representation, Casino West had no opportunity to depose Flood. Century may neither present Flood as a witness nor produce his email.

E.     Motion No. 127

Century asks the Court to preclude evidence of emotional distress damages and miscellaneous consequential damages.  Casino West argues it does not intend to present testimony regarding emotional distress, which it cannot do because it is a corporation.  It does intend to present testimony of financial distress to the closely-held corporation and its owners.  For example, Casino West claims the corporation, or its owners, had to liquidate assets to obtain funds for a defense against the wrongful death claims as a result of Century's refusal to cover Casino West's claim under the insurance policy.  However, because Casino West failed to make mandatory disclosure of the computation of these damages, Century had no incentive to ask questions about them.  Thus, the Court grants this motion generally, meaning that although Casino West may present general evidence of financial distress damages caused to the corporation and its owners, it may not offer explicit computations of those damages which it has not previously disclosed.

F.     Motion No. 128

Century asks the Court to preclude evidence of attorney's fees as a measure of damages.  The Court grants this motion in part.  Casino West may not present evidence of attorney's fees for pursuing its tort claim of bad faith, but it may present evidence of attorney's fees incurred in seeking compensation on its contract claim as a natural consequence of Century denying Casino West's insurance claim.[1]  In other words, Casino West can seek to recover attorney's fees related to its breach-of-contract claim but not its bad-faith tort claim.

---

[1] In this context, attorney's fees incurred in compelling payment of insurance policy benefits are

**CONCLUSION**

IT IS HEREBY ORDERED that Century's first Motion in Limine (ECF No. 62) is DENIED.

IT IS FURTHER ORDERED that Century's second Motion in Limine (ECF No. 63) is DENIED.

IT IS FURTHER ORDERED that Casino West's first Motion in Limine (ECF No. 66) is DENIED.

IT IS FURTHER ORDERED that Casino West's second Motion in Limine (ECF No. 67) is GRANTED.

IT IS FURTHER ORDERED that Century's third Motion in Limine (ECF No. 127) is GRANTED.

IT IS FURTHER ORDERED that Century's fourth Motion in Limine (ECF No. 128) is GRANTED in part and DENIED in part.

IT IS SO ORDERED.

Dated this 14th day of August, 2015.

_____
ROBERT C. JONES
United States District Judge

---

known as "*Brandt* fees." *See R & R Sails, Inc. v. Ins. Co. of Pennsylvania*, 673 F.3d 1240, 1242 (9th Cir. 2012) (citing *Brandt v. Superior Court,* 37 Cal.3d 813, 210 Cal.Rptr. 211, 693 P.2d 796 (Cal.1985)).